## KAY HUDSON v. STATE.

No. A-7520.　Opinion Filed Oct. 25, 1930.
(292 Pac. 1046.)

J. S. Garrison, Jno. T. Young, W. N. Lewis, and Jesse H. Dunn, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and John C. Powell, Co. Atty., for the State.

CHAPPELL, J.　The plaintiff in error, hereinafter called defendant, was convicted in the county court of Murray county upon a charge of outraging public decency and public morals, and his punishment fixed at a fine of $500 and imprisonment in the county jail for 30 days.

Judgment was rendered and sentence pronounced against the defendant on the 29th day of April, 1929, at which time the trial court granted the defendant 60 days to

make and serve case-made, which time would expire on the 28th day of June, 1929. Thereafter, and on the 27th day of June, 1929, the trial court upon application of the defendant extended the time to make and serve case-made 30 days, which extension of time expired on the 28th day of July, 1929, but made no order extending the time in which the appeal must be filed in this court. The appeal was filed in this court on the 27th day of August, 1929.

Section 2808, C. O. S. 1921, provides:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding 60 days."

Where the case-made fails to show that the trial court had extended the time within which to perfect an appeal to this court, and where the appeal was not filed in this court for more than 60 days after the rendition of the judgment, this court does not acquire jurisdiction, and the attempted appeal will be dismissed.

For the reasons stated, the appeal is dismissed.

EDWARDS, P. J., and DAVENPORT, J., concur.